# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 19-314 (ADM/BRT)

Plaintiff,

v.

John Sheldon Pickens, Jr.,                                   **ORDER**

Defendant.

Thomas Calhoun-Lopez, Esq., United States Attorney's Office, counsel for Plaintiff.

James Scott Robbins, Esq., Kowitz Law, counsel for Defendant Pickens.

Defendant previously filed a Motion for Brady Material. (Doc. No. 19.) In this discovery motion, Defendant requested the Court to order the Government to "immediately disclose all favorable or exculpatory evidence," including the following:

1.      Evidence from a homicide which occurred on 09/28/2019 at the St. Paul Saloon Bar 1045 Hudson Rd, St Paul, MN 55106. Specifically, security camera footage, audio recording, reports from law enforcement, witness statements taken during the investigation, and reports referenced by law enforcement in the search warrant application.

2.      All sources and the content of the information law enforcement used to support the search warrant applications.

3.      Evidence which detracts from the credibility or probative value of both testimony and other evidence used by the Government.

4.      Evidence of misconduct by government witnesses, including false statements, arrests, and convictions.

(Doc. No. 19, Motion for Brady Material 1–2.) In an Order dated April 17, 2020, the

Court granted in part and denied in part the motion, and ordered the following:

> To the extent the Defendant requests the Government to disclose *Brady* and *Giglio* evidence and evidence that conforms to the scope of Rule 16, the motion is granted. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. This includes *Brady* and *Giglio* information possessed by the federal government that has been shared between federal and state authorities through their joint investigation or cooperation relating to this case or the homicide investigation. Any *Brady* and *Giglio* information disclosed relating to the on-going homicide investigation can be made in redacted form, redacting names or other information that might compromise the homicide investigation. If there is such *Brady* and *Giglio* information, and, pursuant to this Order, the Government makes an additional production of such *Brady* and *Giglio* material relating to the warrants that resulted from the homicide investigation, Defendant may seek leave to file a request for a *Franks* hearing or a motion to suppress if he has support for such motions. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

(Doc. No. 29, 4/17/20 Order.)[1]

Defendant has now filed a Motion to Compel the Government to Produce

Evidence as Order[ed] by the Court. (Doc. No. 32.) Defendant asserts that "[t]he

Government has not produced any material requested from the homicide case," including

any "*Brady* and *Giglio* information possessed by the federal government that has been

shared between federal and state authorities through their joint investigation or

cooperation relating to this case or the homicide investigation," as ordered by the Court.

---

[1]    See the April 17, 2020 Order for further details and analysis.

(*Id.* at 1.) Although the Government has represented that they have complied with all discovery obligations and upon review of the evidence requested have found no materials that would fall under the auspices of *Brady*, *Giglio*, or their progeny, Defendant is not satisfied with that representation. (*Id.* at 2.) Specifically, the Government represents that "[t]he undersigned AUSA handling this case reviewed the St. Paul Police Department's case file from the homicide investigation," and "confirmed that there existed no *Brady* or *Giglio* material in the case file."[2] (Doc. No. 34 at 4.) Defendant asserts that "[t]his does not provide the Defendant with any ability to evaluate the evidence under the control of the Government," and it "allows the Government to go unchecked by the Executive Branch being the only decision-maker on how to classify the requested evidence." (Doc. No. 32 at 2.)

The Court agrees with the Government that "it is the government's duty to determine what evidence in its possession is subject to *Brady*/*Giglio* disclosures . . . . After all, if the government fails to disclose relevant material, it acts at its own peril." *United States v. Mazzulla*, 932 F.3d 1091, 1100 (8th Cir. 2019) (citations and quotations omitted). Based on the Government's representation in this case, Defendant's motion is denied as moot.

---

[2]    The Government provided defense counsel a letter confirming this on April 27, 2020. (Doc. No. 34 at 4; *see id.* at Gov't Ex. 1.)

## ORDER

For the reasons stated above, the Court hereby orders the following:

1.      Defendant's Motion to Compel the Government to Produce Evidence as

Order by the Court (Doc. No. 32) is **DENIED** as moot.

2.      The voir dire, jury instructions, and trial related motions due date, along

with the trial date, are to be determined by U.S. District Judge Ann D. Montgomery.


Date:  June 30, 2020

                                                              *s/ Becky R. Thorson*
                                                              BECKY R. THORSON
                                                              United States Magistrate Judge