DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

John Sheldon Pickens, Jr.

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 19-314 ADM/BRT

Joseph S. Teirab, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Sydney Tombers, Esq., Kowitz Law, Lindstrom, MN, on behalf of Defendant.

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant John Sheldon Pickens, Jr.'s ("Pickens") Motion for Acquittal or, in the Alternative Motion for a New Trial [Docket No. 124].  For the reasons set forth below, Pickens' Motion is denied.

## II.  BACKGROUND

On June 24, 2021, after a three-day trial, a jury found Pickens guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Verdict [Docket No. 90].  The evidence was that in the early morning of November 1, 2019, officers from the St. Paul Police Department tracked Pickens' phone location pursuant to two phone tracking warrants.  The location data showed that Pickens had driven from the Twin Cities to Chicago late the day before, stayed in Chicago less than an hour, and was traveling back to Minnesota.

The officers suspected Pickens to be transporting drugs, and they decided to make an investigative stop when he reached Minnesota.  Pickens was driving a rental car in a residential area of St. Paul when officers initiated a traffic stop by activating their lights.  Pickens initially pulled over, but then accelerated away and led police on a high-speed chase that lasted over four minutes.  The chase ended when troopers were able to pin Pickens' car between two police vehicles.  Officers searched the car Pickens was driving and found six packages of cocaine hidden under the seats.  The packages had a combined weight of approximately six kilograms.  Pickens' car was destroyed during the high-speed chase and was impounded after his arrest.

Later that day, officers searched Pickens' apartment pursuant to a warrant and found more than $60,000 cash, including $58,000 in a bedroom which also had documents bearing Pickens' name.

Pickens now moves for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure, and for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.  Pickens claims:  1) evidence was improperly admitted at trial in violation of his Fourth Amendment rights; 2) the Government committed misconduct during trial by failing to correct false testimony; 3) Jury Instruction Nine was erroneous; and 4) trial counsel provided ineffective assistance.  All of Pickens' claims are based on his contention that the tracking warrants were expired at the time law enforcement used them to track his location on November 1, 2019.

The tracking warrants were issued on October 5, 2019, in connection with an unrelated homicide investigation.  Def. Exs. [Docket No. 124, Attach. 1] Exs. C, D.  The affidavits supporting the warrants stated that Pickens likely had information about the murder, and that

Pickens also had a misdemeanor arrest warrant in Ramsey County.  Id. Ex. A at 6, Ex. B at 6.  The issuing court's findings of probable cause for the tracking warrants stated that "the information likely to be obtained from the [tracker] is relevant and material to the ongoing [murder] investigation," and also that "the information obtained will assist law enforcement in locating the Target Cellular Device, thereby locating [Pickens] for apprehension purposes on the outstanding warrants."  Id. Ex. C at 2, Ex. D at 2.  The tracking warrants were authorized "for a period of sixty (60) days from the issuance of the Order/Tracking Warrant, or the period necessary to achieve the objective of the authorization, whichever is less."  Id. Ex. C at 3–5, Ex. D at 3–5.

On October 7, 2019, law enforcement arrested Pickens on the misdemeanor warrant, interviewed him about the homicide, and released him.  Pickens argues that his apprehension and questioning satisfied the objective of the tracking warrants, and that as a result the warrants expired and were no longer valid.

The Government opposes the Motion, arguing that none of Pickens' claims entitle him to acquittal or a new trial.

### III.  DISCUSSION

**A.  Legal Standards**

"A motion for judgment of acquittal should be granted only 'if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'"  United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (quoting United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999)).  In ruling on a motion for acquittal, a court "view[s] the evidence in the light most favorable to the Government and accept[s] all

reasonable inferences that may be drawn in favor of the verdict." United States v. Jenkins, 758 F.3d 1046, 1049 (8th Cir. 2014).

A motion for a new trial is governed by Rule 33 of the Federal Rules of Criminal Procedure. The rule authorizes a court to "vacate any judgment and grant a new trial if the interest of justice so requires." This standard requires the district court to "balance the alleged errors against the record as a whole and evaluate the fairness of the trial." United States v. Eagle, 137 F.3d 1011, 1014 (8th Cir. 1998) (quoting United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988)).

**B. Analysis**

**1. Fourth Amendment**

Pickens argues that evidence from the tracking warrants was improperly admitted at trial in violation of the Fourth Amendment because the tracking warrants had expired and were invalid. He contends that "all evidence collected based on [the] tracking warrants is fruit of the poisonous tree and should have been suppressed." Mot. at 8.

This argument fails for at least two reasons. First, Pickens waived this argument by failing to raise it in his pretrial motion to suppress evidence [Docket No. 37]. Pickens has not shown good cause for why the argument was not timely raised.

Second, assuming without deciding that the tracking warrants had expired, suppression would not have been warranted because Pickens' flight from the officers provided them with an independent basis to search his car and find the packages of cocaine. "When a defendant commits a new and distinct crime during an unlawful detention, the Fourth Amendment's exclusionary rule does not bar evidence of the new crime." United States v. Hunt, 372 F.3d

1010, 1012 (8th Cir. 2004).  In the Eighth Circuit, "resistance to an illegal arrest can furnish grounds for a second, legitimate arrest."  United States v. Sledge, 460 F.3d 963, 966 (8th Cir. 2006) (quoting United States v. Schmidt, 403 F.3d 1009, 1016 (8th Cir. 2005)).

Here, after the initial stop of his car, Pickens led the police on a four-minute, high-speed car chase through Saint Paul.  In Minnesota, fleeing police by motor vehicle is a felony offense.  See Minn. Stat. § 609.487, subd. 3.  By fleeing the officers, Pickens created probable cause to arrest him for this felony, and the evidence discovered in the subsequent search of his car was admissible.  See United States v. Dawdy, 46 F.3d 1427, 1431 (8th Cir. 1995) ("[A]ssuming arguendo that [law enforcement]'s initial stop and arrest of [defendant] were invalid, [defendant]'s resistance provided independent grounds for his arrest, and the evidence discovered in the subsequent searches of his person and his automobile is admissible."); Sledge, 460 F.3d at 966 (agreeing with district court's conclusion that defendant "forfeited any Fourth Amendment protection by resisting and running away from the officers, thus creating probable cause to arrest [defendant]" for violating state law).

### 2. Prosecutorial Misconduct and Due Process

Pickens also argues that the Government committed misconduct during the trial because the Government knew or should have known that the tracking warrants were expired, and therefore had a duty to correct the testimony of law enforcement witnesses who testified that the warrants were valid.  Pickens contends that the Government's use of the allegedly false testimony violated his due process rights and requires that his conviction be vacated.  This argument is rejected because no witness at trial testified that the warrants were valid.

### 3. Jury Instruction Nine

Pickens argues that the Court erroneously instructed the jury in Jury Instruction Nine that the tracking warrant for Pickens' phone had been lawfully obtained. Pickens contends that this instruction misled the jury and had a probable effect on the jury's verdict.

"A district court is afforded broad discretion in choosing the form and language of jury instructions." United States v. Hiland, 909 F.2d 1114, 1128 (8th Cir. 1990). The adequacy of jury instructions is assessed by "consider[ing] them as a whole" and viewing them "in the context of the entire trial." Id. at 1128–29. A district court's decision to include a jury instruction is reviewed for an abuse of discretion, taking into consideration whether any error was harmless. United States v. Listman, 636 F.3d 425, 431 (8th Cir. 2011) (citing United States v. Hernandez–Mendoza, 600 F.3d 971, 979 (8th Cir. 2010)).

Jury Instruction Nine stated: "You have heard testimony about a tracking warrant for the Defendant's cell phone. You are instructed that the warrant was lawfully obtained in an unrelated investigation." Final Jury Instructions [Docket No. 86] at 12. The Court developed the instruction in response to defense counsel's concern that the jury might otherwise speculate that the tracking warrant had been obtained pursuant to a narcotics investigation. Trial Tr. Vol. I [Docket No. 105] at 243–44; Trial Tr. Vol. III [Docket No. 107] at 523–25.

Viewing Jury Instruction Nine in the context of the entire trial establishes that the instruction was given to emphasize that the warrant was obtained in an unrelated investigation. The instruction was adequate and not erroneous. Moreover, any error would have been harmless because the evidence of Pickens possessing cocaine with intent to distribute was overwhelming, even without the jury hearing about the validity or non-validity of the tracking warrant.

### 4. Ineffective Assistance of Counsel

Pickens also claims that his trial counsel provided ineffective assistance by failing to adequately articulate the expired warrant issue in Pickens' pretrial motions, failing to object during trial to the introduction of evidence from the warrants, and failing to object to Jury Instruction Nine.

"[C]laims of ineffective assistance of counsel are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255," because "facts outside the record generally need to be developed to resolve the claim." United States v. Schwarte, 645 F.3d 1022, 1034 (8th Cir. 2011). Here, it is not readily apparent that Pickens received ineffective assistance of counsel, and the record has not been adequately developed on the issue. Accordingly, the ineffective assistance of counsel claim is dismissed without prejudice.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant John Sheldon Pickens, Jr.'s Motion for Acquittal or, in the Alternative Motion for a New Trial [Docket No. 124] is **DENIED.**

BY THE COURT:

   s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT COURT

Dated:  January 3, 2022