UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,                    **MEMORANDUM OPINION**
        v.                                        **AND ORDER**
                                                  Criminal No. 19-314 ADM/BRT
John Sheldon Pickens,                             Civil No. 23-1363 ADM

                    Defendant.

_____

William C. Mattessich, Assistant United States Attorneys, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

John Sheldon Pickens, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant John Sheldon Pickens' ("Pickens") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 164] ("2255 Motion").[1]  A jury convicted Pickens in June 2021 of possessing at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Verdict [Docket No. 90].  The Court sentenced him to a term of 138 months. Sentencing J. [Docket No. 139].  The Eighth Circuit affirmed Pickens' judgment of conviction. United States v. Pickens, 58 F.4th 983 (8th Cir. 2023).

Pickens now moves for relief under 28 U.S.C. § 2255.  He argues that his counsel was ineffective for failing to argue that law enforcement officers violated the Fourth Amendment by: (1) using expired tracking warrants to locate him as he was returning to the Twin Cities from Chicago with thirteen pounds of cocaine in his car; (2) seizing him without a warrant; and (3) searching his car without a warrant.  Pickens contends that had his attorney raised these arguments, the cocaine and other evidence in his case would have been suppressed as fruit of a

_____

[1] All citations are to the criminal case docket.

poisonous tree.  Pickens also claims that his counsel provided ineffective assistance during plea

negotiations by advising Pickens that he could continue to challenge the suppression issue at trial

and on appeal, when the issue had been waived.  For the reasons stated below, the 2255 Motion

is denied.

## II.  BACKGROUND

### A.  Tracking Warrants

On October 5, 2019, in connection with a murder investigation, St. Paul police applied

for state court warrants to track the location of two of Pickens' cell phones.  Pickens, 58 F.4th at

985.  The affidavits supporting the warrants explained the reasons for believing that Pickens was

involved in the murder, averred that Pickens had an outstanding misdemeanor arrest warrant, and

stated that "the information in [these] tracking warrant[s] will assist in the ongoing investigation

to the whereabouts of Pickens, so he can be located and arrested for his warrant and be

interviewed in relation to the murder."  Id.  The state court issued both warrants for the lesser of

(1) a 60-day period starting on October 5, or (2) "the period necessary to achieve the objective of

the [warrant] authorization."  Id.

Two days after the tracking warrants were issued, St. Paul Police arrested Pickens on the

misdemeanor warrant.  Id.  Officers interviewed Pickens about the murder and obtained a

warrant to search three cell phones recovered at the time of his arrest.  Id.  A search of the

phones revealed a photo of Pickens alongside what appeared to be three "bricks" of narcotics.

Id.

The officers released Pickens that same day but continued to monitor his cell phone

location.  Id.  The tracking data showed that Pickens made a short trip to Chicago on October 11.

Id.  On the night of October 31, Pickens made a second trip to Chicago and stayed only a few hours before driving back toward Minnesota.  Id.  The officers suspected that Pickens was transporting drugs, and decided to make an investigatory stop when he reached the Twin Cities on the morning of November 1.  Id.

**B.  Flight from Police**

Pickens was driving a rental car in a residential area of St. Paul when officers initiated the traffic stop by activating their lights.  Id.  Pickens initially pulled over, but then accelerated and fled when an unmarked law enforcement vehicle pulled in front of his car.  Id.; Mem. Supp. 2255 Mot. [Docket No. 164, Attach. 1] at 2.  He led law enforcement officers on a four-minute high speed chase during which he drove around a school bus, into the yard of a house, and through stop signs and red lights.  Pickens, 58 F.4th at 985.  The chase ended when officers were able to pin Pickens' car between two police vehicles.  Id.

Officers searched the car Pickens was driving and found approximately six kilograms of cocaine in six packages hidden under the driver's seat and a middle row of seats.  Id.  In the backseat of the squad car, Pickens was recorded audibly whispering, "six mother******* bricks" to himself.  Presentence Investigation Report [Docket No. 119] ¶ 10; Reply [Docket No. 172] at 4.  Later that day, officers executed a search warrant at Pickens' apartment and found three loaded weapons, ammunition and magazines, marijuana, and $58,000 in cash.  Pickens, 58 F.4th at 986.

**C.  District Court Proceedings**

Pickens was indicted in December 2019 on one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Indictment [Docket

3

No. 1].  Through counsel, Pickens moved to suppress "the fruits that law enforcement attained

when they exceed[ed] the scope of a warrant."  Mot. Suppress [Docket No. 37].  In a brief filed

after the motion hearing, Pickens' counsel argued that the affidavits supporting the tracking

warrants included false or misleading statements about the purpose of the warrants, and that a

hearing was required under Franks v. Delaware, 438 U.S. 154 (1978).  See Mot. Supp. Franks

Hr'g [Docket No. 50] at 3-4.  Counsel argued that the affidavits stated that the purpose of the

tracking warrants was to locate Pickens for his misdemeanor warrant and interview him about

the murder, yet the officers continued to track Pickens after his October 7 arrest and interview.

Id.  Counsel further argued that the warrants were not supported by probable cause, were overly

broad, and were not covered by the good-faith exception in United States v. Leon, 468 U.S. 897

(1984).  Id. at 8-16.

United States Magistrate Judge Becky R. Thorson issued a Report and Recommendation

("R&R") [Docket No. 52] that recommended denying Pickens' motion to suppress evidence and

motion for a Franks hearing.  Over Pickens' Objection [Docket No. 54], this Court adopted the

R&R and denied the motions.  Order [Docket No. 57].  The Court agreed with the R&R's

conclusion that a Franks hearing was not required because Pickens had not shown that the

statements in the affidavits about the purpose of the tracking warrants were false or misleading at

the time they were made.  Id. at 5-6.  The Court also agreed with the R&R's conclusion that the

tracking warrants were supported by probable cause, and that even if probable cause did not exist

the Leon good-faith exception applied.  Id. at 8-10.

Pickens' trial began on June 22, 2021.  That morning, the Court held a pretrial conference

during which the Court asked Pickens whether he still wanted to proceed to trial rather than

4

plead guilty.  Trial Tr. [Docket No. 159] at 9, 12-18.  The Court confirmed that if Pickens were

to plead guilty, his sentencing guidelines range would be from 77 to 120 months, depending on

whether Pickens was eligible for safety-valve relief under 18 U.S.C. § 3553(f).  Id. at 16.  The

Government stated that if Pickens proceeded to trial and was found guilty, the Government

would seek a sentence of 188 to 235 months.  Id. at 17.  Pickens indicated that he understood and

wanted to proceed to trial.  Id. at 18.  Pickens' jury trial lasted three days and resulted in a guilty

verdict.

After the trial, Pickens obtained new defense counsel and moved for acquittal or,

alternatively, a new trial.  Mot. Acquittal [Docket No. 124].  Pickens argued that the tracking

warrants were invalid, that the Government elicited testimony that the warrants were valid, and

that the jury was improperly instructed on the warrants.  He also claimed that trial counsel was

ineffective for failing to argue that the tracking warrants had expired and for failing to object

during trial to the introduction of evidence from the warrants.

The Court denied the post-trial motion, concluding that Pickens had waived the warrant

issue by failing to show good cause for not raising it in a pretrial motion.  Mem. Op. Order

[Docket No. 131] at 4.  Alternatively, the Court held that Pickens' flight from the police

provided an independent basis for Pickens' arrest and the search of his vehicle.  Id. at 4-5.  The

claim of ineffective assistance of counsel was denied without prejudice because the record had

not yet been adequately developed on the issue.  Id. at 7.

In February 2022, the Court sentenced Pickens to a term of 138 months.  Sentencing J. at

2.  The sentence was a downward variance from the applicable sentencing guidelines range of

151 to 188 months.  Stmt. Reasons [Docket No. 140] at 1.

**D. Appeal**

On appeal, Pickens again argued that the evidence used against him at trial should have been suppressed because the police violated the Fourth Amendment by using expired tracking warrants to monitor his location. Pickens, 58 F.4th at 984-85. The Eighth Circuit noted that when a defendant fails to show good cause for not raising a suppression issue in a pretrial motion, it is an "unsettled question in our circuit" as to whether the issue is waived or whether, instead, plain error review is available. Id. at 988. Concluding that waiver is the "proper answer," the Eighth Circuit held that Pickens had waived the suppression argument by failing to timely raise it. Id. The Eighth Circuit further held that even if Pickens had not waived the argument, his high-speed flight from police provided probable cause to arrest him, and that Pickens' flight combined with the lawfully-obtained photo of him with "bricks" of narcotics provided cause to search his car pursuant to the automobile exception to the Fourth Amendment. Id. at 988-89.

Pickens also argued on appeal that his counsel was ineffective for mishandling the tracking warrant issues. Id. at 990. The Eighth Circuit declined to consider this claim because the record had not been adequately developed on the issue. Id.

**E. Pickens' 2255 Motion**

Pickens now moves for relief under 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel during the suppression litigation. Pickens contends that his attorney was deficient for not arguing that law enforcement officers violated the Fourth Amendment when they monitored Pickens' location using allegedly expired tracking warrants, seized him without a warrant as he was returning from Chicago, and searched his car without a

6

warrant.  Pickens also claims that his counsel was ineffective during plea negotiations because he "failed to advise Pickens that the suppression issue was waived," and instead advised that "Pickens could continue to pursue suppression in trial and on appeal."  Mem. Supp. 2255 Mot. at 10.

## III.  DISCUSSION

### A.  Legal Standards

#### 1.  28 U.S.C. § 2255

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice."  Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

#### 2.  Ineffective Assistance of Counsel

"To establish ineffective assistance of counsel within the context of section 2255 . . . a movant faces a heavy burden."  Apfel, 97 F.3d at 1076.  A defendant must show that "(1) his attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance."  Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

To satisfy the deficient performance prong of this two-part test, a defendant must show that counsel's errors were not the result of "reasonable professional judgment." Strickland, 466 U.S. at 690.  In doing so, the defendant runs up against a strong presumption "that counsel . . . rendered adequate assistance." Id.  To meet the prejudice prong, the defendant must prove, with "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

## B.  Pickens' Claims

### 1.  Grounds One through Three

In Grounds One through Three, Pickens argues that his attorney was ineffective during the suppression motion by failing to argue that law enforcement officers violated the Fourth Amendment when they monitored his cell phone location using allegedly expired tracking warrants (Ground One), seized him without a warrant as he was driving back from Chicago (Ground Two), and searched his car without a warrant (Ground Three).  Pickens contends that but for his attorney's ineffective assistance, the cocaine and other evidence in this case would have been suppressed as the fruit of a poisonous tree.

These claims fail because Pickens cannot show he was prejudiced by his counsel's alleged errors.  Assuming without deciding that Pickens' counsel could have prevailed on the argument that the tracking warrants were expired, the evidence would not have been suppressed because the police had probable cause to arrest Pickens and search his car.  As the Eighth Circuit has already held in this case, "[r]esistance to even an illegal stop or arrest can furnish grounds for a legitimate arrest," and Pickens' hazardous, high-speed flight from the police "provided probable cause to arrest Pickens for resisting arrest, failing to stop after a collision, and reckless

driving." Pickens, 58 F.4th at 988 (citing Minn. Stat. §§ 609.487, subd. 3; 169.09, subd. 2; and 169.13, subd. 1(a)).

After the police stopped Pickens, they had probable cause to conduct a warrantless search of his car pursuant to the "automobile exception" to the Fourth Amendment. See United States v. Mayo, 627 F.3d 709, 713 (8th Cir. 2010) (stating law enforcement may search a vehicle without a warrant under the automobile exception if they have probable cause). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. (internal quotations omitted). Here, the combination of Pickens' extraordinary efforts to flee the police,[2] his suspected involvement in a recent murder, and the lawfully-obtained photo showing Pickens with bricks of narcotics, would lead a reasonable person to believe that there was a fair probability that contraband or evidence of a crime would be found in Pickens' car.

Resisting this conclusion, Pickens argues that his flight was not a basis to arrest him because it was provoked by police actions that appeared to have been "calculated to cause surprise, fright, and confusion." Mem. Supp. 2255 Mot. at 7 (quoting Brown v. Illinois, 422 U.S. 590, 605 (1975)). The Court disagrees. As Pickens admits, a marked squad car activated its lights to pull him over before an unmarked squad car arrived and swerved in front of Pickens to block him in. Id. at 2. These circumstances differ greatly from those in Brown, where plainclothes officers broke into a defendant's empty apartment at night and then arrested him by pointing their guns at him through a window and door when he arrived home. See Brown, 422

---

[2] Pickens acknowledges that he continued to flee even after "[c]ars kept slamming into [him]," and that the chase only ended after Pickens' car was "completely totaled," "missing its front wheels," and "could not drive another inch." Pickens Aff. [Docket No. 164, Attach. 2] ¶ 9.

U.S. at 592-93.  Here, nothing about the way the officers conducted the stop and tried to prevent Pickens from fleeing would justify the suppression of evidence.

Because the police had an independent basis to stop Pickens and search his car, he cannot show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Accordingly, Grounds One through Three are denied.

### 2. Ground Four

Pickens also claims that his attorney was ineffective during plea negotiations.  He avers that before trial, his attorney informed him that the Government had offered a plea deal of 7 to 9 years.  Pickens Aff. ¶ 20.  Counsel told Pickens that "he would support whatever decision [Pickens] made."  Id.  Pickens claims that he rejected the plea offers because his attorney advised him that Pickens could continue to pursue the suppression issue at trial and on appeal.  Id. ¶¶ 19-20.  Pickens avers that he would have accepted the plea deal had he "known that the suppression issue was dead," because he knew he could not win at trial if the evidence was not suppressed. Pickens Aff. ¶ 20.

Defendants have a Sixth Amendment right to counsel during the plea-bargaining process. Lafler v. Cooper, 566 U.S. 156, 162 (2012).  The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel.  Id. at 162-63.  The performance prong of the test requires Pickens to show that he rejected a guilty plea based on advice that "fell below an objective standard of reasonableness."  Id. at 163.  In evaluating counsel's performance, courts must be "highly deferential" and make "every effort . . . to eliminate the distorting effects of hindsight"  Strickland, 466 U.S. at 689.

10

Pickens cannot satisfy the performance prong of the Strickland test because he has not overcome the strong presumption that his attorney's performance fell within an objective standard of reasonableness.  First, Pickens does not claim that his attorney told him to reject the plea deal.  To the contrary, counsel told Pickens that he "would support whatever decision [Pickens] made."  Pickens Aff. ¶ 20.

Additionally, at the time that Pickens made his decision to go to trial, it was far from clear that the suppression issue was "dead."  Indeed, when ruling on Pickens' appeal, the Eighth Circuit noted that "whether the issue [was] waived [on appeal], or whether plain-error review is available, is an unsettled question in this circuit."  Pickens, 58 F.4th at 988.  The ambiguity stems from a 2014 amendment to Rule 12 of the Federal Rules of Criminal Procedure.  Criminal Rule 12(b)(3) requires a party to raise certain defenses, objections, and requests (including a request to suppress evidence) in a pretrial motion.  Prior to 2014, Criminal Rule 12(e) expressly provided that a party "waives" a Rule 12(b)(3) argument by failing to show good cause for not raising it in a pretrial motion.  Id. (citing Fed. R. Crim. P. 12(e) (2013)).  The 2014 amendment removed the explicit reference to "waiver" in Rule 12(e).  Id.  This change "can be read as opening the door for plain-error review under Criminal Rule 52(b) and United States v. Olano, 507 U.S. 725, 733-34, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993)."  Id.

Cases decided by the Eighth Circuit after the 2014 amendment have been "inconsistent on this issue."  Id.  In some cases, the Eighth Circuit has assumed without deciding that plain-error review is available.  Id. (citing United States v. Hill, 8 F.4th 757, 760 (8th Cir. 2021); United States v. Bernhardt, 903 F.3d 818, 824 (8th Cir. 2018).  In other cases, the Eighth Circuit has applied the waiver rule without discussing the 2014 amendment.  Id. (citing United States v.

LeBeau, 867 F.3d 960, 973 (8th Cir. 2017); United States v. Cooke, 853 F.3d 464, 474 (8th Cir. 2017)).

Because the availability of plain-error review on appeal remained an open question at the time of Pickens' trial in June 2021, it was not objectively unreasonable for Pickens' counsel to tell him that he could continue to pursue the suppression issue at trial and on appeal. By avoiding a guilty plea, Pickens preserved his opportunity to seek acquittal at trial and continue to challenge the evidence he disputed. Although hindsight now shows that this strategy was unsuccessful, counsel's performance did not fall below an objective standard of reasonableness.

Even if Pickens could show that his counsel provided deficient advice, he has not met his burden of showing prejudice. To satisfy this prong, Pickens must "show a 'substantial, not just conceivable, likelihood' that he would have accepted the . . . plea offer" had his counsel advised him of the possibility that the suppression issue had been waived. Allen v. United States, 854 F.3d 428, 432–33 (8th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 189 (2011)); see also Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) ("[T]he defendant must show that, but for his counsel's advice, he would have accepted the plea.") (quotation omitted). This showing requires Pickens to present "credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Sanders, 341 F.3d at 722 (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir.1995)). "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Id. at 723.

Pickens has failed to present credible, non-conclusory evidence that he would have pled guilty but for his counsel's advice. His claim is undermined by his refusal to admit guilt before, during, and after trial. Even after a jury found him guilty, Pickens did not admit when given the opportunity in the Presentence Interview or during sentencing. Instead, he told the Court that he did not feel he received a fair trial. Sentencing Tr. [Docket No. 154] at 18-19.

Additionally, Pickens never told the Court or his new counsel about his alleged decision to reject the plea based on his counsel's advice. Nor did his appeal brief mention deficient advice during plea negotiations, even though Pickens raised other ineffective assistance of counsel claims. It is not plausible that Pickens was prepared to plead guilty but-for his counsel's advice, yet he never raised that issue during trial or on appeal. Rather, the record shows that Pickens maintained his position that the evidence against him was illegal and that he was not prepared to admit guilt. Because Pickens has not shown a reasonable probability that he would have accepted the plea deal but for his counsel's advice, he cannot show prejudice. Accordingly, Ground Four is denied.

## IV.  EVIDENTIARY HEARING

An evidentiary hearing is not warranted, as the 2255 Motion and the files and record in this case conclusively show that Pickens is not entitled to § 2255 relief. 28 U.S.C. § 2255(b); Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

## V.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it

unlikely that another court would decide the issues raised by this § 2255 Motion differently, or

that any of the issues raised by Pickens' § 2255 Motion would be debatable among reasonable

jurists. Thus, the Court declines to grant a certificate of appealability.

## VI.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant John Sheldon Pickens' Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 164] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


 s/Ann D. Montgomery___
Dated:  March 21, 2024                          ANN D. MONTGOMERY
                                                U.S. DISTRICT COURT